IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY WAYNE ELROD,**

               **Plaintiff,**

                                         CIVIL ACTION
   vs.                                      No. 05-3114-GTV

**R.D. SWANSON, et al.,**

               **Defendants.**

**ANTHONY WAYNE ELROD,**

               **Plaintiff,**

                                         CIVIL ACTION
   vs.                                      No. 05-3127-GTV

**MARK X. SEDILLO, et al.,**

               **Defendants.**

<u>ORDER</u>

This matter is before the court on two <u>Bivens</u>[1] complaints filed by an inmate incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN).

Having reviewed the two pleadings, the court finds each contains related allegations concerning plaintiff's exposure to second hand smoke, interference in plaintiff's use of administrative remedies, and impairment of plaintiff's right of access to the courts. The court thus finds it appropriate to consolidate the two complaints on its own motion. The court

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

further finds a response to the consolidated complaint is required.

Plaintiff seeks leave to proceed in forma pauperis and has submitted financial records showing that during the last six months he has had minimal to no assets.

Under the Prison Litigation Reform Act signed into law on April 26, 1996, a prisoner is required to pay the full filing fee in this civil action. Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to pay the full $250.00 district court filing fee in this consolidated civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

Plaintiff's motions and amended motions for an evidentiary hearing and for a preliminary injunction or temporary restraining order are denied. Plaintiff's allegations fail to establish any irreparable harm or any other basis for granting the

extraordinary relief requested.  See <u>Country Kids 'N City Slick, Inc. v. Sheen</u>, 77 F.3d 1280, 1283 (10th Cir. 1996)(stating standards for granting preliminary injunction or temporary restraining order).  <u>See also</u> <u>West v. Derby USD No. 260</u>, 23 F.Supp.2d 1220, 1221-22 (D.Kan. 1998)(temporary restraining order "is an extraordinary and drastic remedy" to be granted only if movant carries burden of persuasion by a clear showing); <u>Chemical Weapons Working Group Inc. v. United States Department of the Army</u>, 111 F.3d 1485, 1489 (10th Cir. 1997)(preliminary injunction is extraordinary remedy for which "the right to relief must be clear and unequivocal").

Plaintiff's motions to compel the production of defendants' personnel files pursuant to the Freedom of Information Act (FOIA), also are denied.  Plaintiff identifies no specific FOIA request made to the Bureau of Prisons; alleges no specific records were improperly withheld; and shows no exhaustion of administrative remedies to support his request for such a court order.

IT IS, THEREFORE, BY THE COURT ORDERED that the two complaints captioned herein are consolidated by the court.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis in this consolidated action without the payment of an initial partial filing fee.

IT IS FURTHER ORDERED that the clerk of the court shall issue appropriate summons and waiver of summons forms pursuant to Rule 4 of the Federal Rules of Civil Procedure, for service by the United States Marshal or a deputy United States Marshal at no

cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

IT IS FURTHER ORDERED that plaintiff's motions for an evidentiary hearing, motions for a temporary restraining order or preliminary injunction, and motions to compel are denied.

IT IS FURTHER ORDERED that the screening process under 28 U.S.C. 1915A having been completed, this consolidated action is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

The clerk of the court is directed to transmit copies of this order to the parties herein and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of April 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States District Judge